UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BERTRAM HADLEY,

    Plaintiff,

v.                                                      Case No. 6:25-cv-9-JSS-UAM

WAYNE IVEY, BREVARD
COUNTY JAIL COMPLEX, JOHN
RAMSEY, and ALL DOES
DISCOVERED,

    Defendants.
_____/

## ORDER

Plaintiff Bertam Hadley, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint. (Complaint, Dkt. 1.) Plaintiff seeks leave to proceed in forma pauperis. (Dkt. 2.) The court is statutorily required to review Plaintiff's complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in* forma pauperis actions); 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). For the following reasons, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## APPLICABLE STANDARDS

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## FACTUAL ALLEGATIONS

Plaintiff sues Brevard County Sheriff Wayne Ivey, Deputy John Ramsey, and "All Does Discovered" in their individual and official capacities and the Brevard County Jail Complex in its official capacity. (Dkt. 1 at 2-3.) According to Plaintiff, on October 21, 2024, Defendant Ramsey conducted a search of Plaintiff's work truck at the Brevard County Jail and discovered cigarettes hidden in the vehicle. (*Id.* at 4. 14.) The cigarettes were found in a pair of gloves in the rear cab of the vehicle. (*Id.* at 14.) Plaintiff and three other individuals who were in the vehicle were disciplined based on the discovery of the cigarettes. (*Id.* at 5, 14.)

Defendant Ramsey falsely stated that Deputy Turner conducted a physical search of the vehicle the day before the cigarettes were found. (*Id*. at 5.) As Plaintiff maintained at his disciplinary proceeding, a physical search of the vehicle was not conducted the day before the search, and the facility cameras would prove this. (*Id.*) The disciplinary hearing officer admitted that the statement in the report concerning the purported search the day before the cigarettes were found was a mistake. (*Id*. at 5, 11.) Nevertheless, Plaintiff was found guilty, lost five days of gain time, and was placed in confinement for five days. (*Id*. at 5.)

Plaintiff appears to seek an administrative determination that Defendant Ramsey's untrue statement about the prior search violates Section 120.54(1)(a) of the Florida Statutes. (*Id*. at 11.) Plaintiff further argues that the reduction in gain time violates his rights to due process and equal protection, the ex post facto clause, and his right against cruel and unusual punishment and constitutes malicious prosecution and a civil conspiracy in violation of 42 U.S.C. § 1985. (*Id.* at 12-13.) Plaintiff requests declaratory relief and compensatory and punitive damages. (*Id.* at 5.)

## ANALYSIS

Upon consideration, the complaint is subject to dismissal for the following reasons. As an initial matter, the Brevard County Jail Complex is not a proper defendant in this action. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, there are

constitutionally created political subdivisions called counties and separately created constitutional officers, which include sheriffs. Fla. Const. art. VIII, §§ 1 (a), (d). No statutory or constitutional provision recognizes a county correctional facility as a separate legal entity apart from the sheriff charged with its operation and control. *See Monroe v. Jail*, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (holding that a county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff); *Mellen v. Florida*, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (indicating that sheriff's offices and jail facilities are not entities subject to suit under § 1983); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla. 1992) (same); *see also Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). For claims against a county correctional facility, the appropriate defendant is the sheriff in his or her official capacity or the county. *See, e.g., Mitchell v. Untreiner*, 421 F. Supp. 886, 888 (N.D. Fla. 1976). Accordingly, the claims against the Brevard County Jail Complex are due to be dismissed.

Likewise, Plaintiff sues "All Does Unknown," an unspecified number of Jane and John Doe defendants. The complaint contains no description of the Doe defendants, nor does it contain allegations concerning what actions were taken by the Doe defendants. "[F]ictitious-party pleading is not [generally] permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, "'[i]t is important to distinguish suing fictitious parties from real parties sued under a fictitious

name. . . . [O]ne may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.'" *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (quoting *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1096 n.19 (9th Cir. 1987) (Kozinski, J., dissenting) (citations omitted)). Plaintiff has not described any Doe defendant with sufficient particularity. Consequently, the claims against Defendants All Does Unknown are subject to dismissal.

Moreover, "[w]hen suing local officials in their official capacities under [section] 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997)); *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). The complaint does not allege facts demonstrating that the purported constitutional violations resulted from any policy, custom, pattern, or practice. Consequently, Plaintiff has not stated a claim upon which relief may be granted against Defendants Ivey and Ramsey in their official capacities.

Further, "generally, 'supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Ross v. Corizon Med. Servs.*, 700 F. App'x 914, 917 (11th Cir. 2017) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). "To hold a defendant liable as a supervisory official, a plaintiff must show that 'the supervisor personally participate[d] in the alleged constitutional violation or [that] there is a causal connection between actions of the supervising official and the alleged constitutional

deprivation.'" *Id.* (citing *Hartley*, 193 F.3d at 1269). With respect to Defendant Ivey, the complaint does not contain allegations demonstrating that he participated in the alleged constitutional violations or a causal connection between his actions and the alleged constitutional violations. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Plaintiff has failed to state a claim upon which relief may be granted against Defendant Ivey.

As to the individual capacity claims against Defendant Ramsey, the Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [section] 1983. Thus, when a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted). The *Heck* bar applies to claims made by prisoners challenging prison disciplinary actions. *Hale v. Riggins*, 154 F. App'x 782, 783 (11th Cir. 2005) (citing *Edwards v. Balisok*, 520 U.S. 641,

6

648 (1997)).

Plaintiff's claims against Defendant Ramsey challenge Plaintiff's disciplinary action, which has not been invalidated. A judgment in favor of Plaintiff in this case would necessarily imply the invalidity of his disciplinary report. Thus, his claims are subject to dismissal under *Heck*. *See, e.g., id.* (affirming dismissal of claims challenging disciplinary reports under *Heck* because the disciplinary actions had not been invalidated); *Gates v. Lee Cnty.*, No. 2:22-CV-496-JLB-KCD, 2022 WL 18636695, at *4 (M.D. Fla. Dec. 6, 2022) ("*Heck* bars any malicious prosecution claim raised in the second amended complaint because Plaintiff does not allege that his underlying criminal conviction has been invalidated."); *Brinson v. Jones*, No. 5:15-CV-279-OC-10PRL, 2015 WL 13684706, at *2 (M.D. Fla. Dec. 3, 2015) (noting in section 1915 screening that *Heck* barred the plaintiff's claims arising out of disciplinary proceedings because there was no indication that the proceedings had been reversed or set aside), *aff'd sub nom. Brinson v. Sec'y, Dep't of Corr.*, 702 F. App'x 925 (11th Cir. 2017).

In addition, even if Plaintiff's claims were not barred by *Heck*, he has failed to allege facts showing that Defendant Ramsey violated his constitutional rights or 42 U.S.C. § 1985. To "establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279

F.3d 944, 946–47 (11th Cir. 2001)); s*ee also McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (explaining that a plaintiff "must prove that the decisionmakers in his case acted with discriminatory purpose").

"'Section 1985(3) creates a cause of action for damages against conspiracies which deprive persons of the equal protection of law or other federal rights, privileges or immunities.'" *Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (quoting *Arnold v. Board of Educ. of Escambia County Ala.*, 880 F.2d 305, 317 (11th Cir. 1989)), *overruled on other grounds by, Leatherman v. Tarrant County Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993). "To state a claim for relief under § 1985(3), a plaintiff must establish that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Here, there are no allegations demonstrating that Plaintiff was similarly situated to other prisoners who received more favorable treatment as needed to state an equal protection claim. *See, e.g., Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 687 (11th Cir. 2005) (affirming dismissal of an equal protection claim as frivolous under 28 U.S.C. § 1915 because the plaintiff failed to allege facts "showing that any other specific inmate in that institution had been" treated differently than the plaintiff and "allowed to remove his shoes prior to entering the prison chapel"). In fact, the complaint indicates that, like Plaintiff, the other inmates in the vehicle with Plaintiff were disciplined based on the cigarettes in the truck. *See* Doc. 1 at 14.

8

Moreover, Plaintiff does not allege any facts demonstrating that Defendant Ramsey charged him with a disciplinary violation based on a constitutionally protected basis such as race, religion, or other class-based discriminatory animus. Consequently, Plaintiff's claims for violation of his right to equal protection and for conspiracy in violation of 42 U.S.C. § 1985(3), which are barred by *Heck*, are otherwise subject to dismissal for failure to state a claim upon which relief may be granted. *See, e.g., White v. Berger*, 709 F. App'x 532, 538–39 (11th Cir. 2017) (affirming dismissal of a 42 U.S.C. § 1985 conspiracy claim for failure to state a claim because the complaint contained only a conclusory allegation that the plaintiff was subject to harsh conditions based on his religion and did not identify the religious beliefs that resulted in the plaintiff's mistreatment or "identify any individuals who harbored animus against him for his religious beliefs"); *Evans v. Chronister,* No. 8:23-CV-2365-CEH-CPT, 2024 WL 2083735, at *1 n.1 (M.D. Fla. May 9, 2024) (dismissing an equal protection claim in § 1915 screening because the plaintiff alleged "no facts showing he was treated differently from other similarly situated individuals, and the discriminatory treatment was based on a constitutionally protected interest such as race"); *Francis v. Scarantino*, No. 8:20-CV-2579-MSS-AAS, 2022 WL 962525, at *4 (M.D. Fla. Feb. 17, 2022) (dismissing an equal protection claim because the plaintiff failed to identify a similarly situated individual whom the defendant treated differently and did not allege that the defendant "engaged in an investigation motivated by race, religion, national origin, or some other protected class"), *aff'd*, No. 22-10886, 2024 WL 36062 (11th Cir. Jan. 3, 2024); *Hatcher v. Bentley*, No. 2:14-CV-348-WHA, 2017 WL 2661710, at *10 (M.D.

Ala. May 25, 2017) (dismissing 42 U.S.C. § 1985(3) conspiracy claims because the plaintiff failed to allege "that he was subjected to racial or other class-based discrimination" or allege "any specific facts supporting the existence of a conspiracy"), *report and recommendation adopted*, No. 2:14-CV-348-WHA, 2017 WL 2661642 (M.D. Ala. June 20, 2017); *Billue v. Gualtieri*, No. 8:13-CV-546-T-30TGW, 2013 WL 1405945, at *3 (M.D. Fla. Apr. 8, 2013) (dismissing equal protection claim for failure to state a claim because the plaintiff failed to allege facts showing that the defendants "discriminated against him on the basis of his race or gender, and that any similarly situated person of another racial group or gender was treated differently").

Finally, "'[t]o state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct.'" *Ailep v. McDonald*, No. 20-12464, 2021 WL 4452529, at *2 (11th Cir. Sept. 29, 2021) (quoting *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)). "'Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety.'" *Id.* The subjective component of an Eighth Amendment claim requires the plaintiff to show that the defendant acted with deliberate indifference to the risk of harm based on the defendant's "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk;'" *Swain v. Junior,* 961 F.3d 1276, 1285 (11th Cir. 2020) (quoting *Lane v. Philbin,* 835 F.3d 1302, 1308 (11th Cir. 2016)), (3) by acting with "subjective recklessness as used in the criminal law." *Wade v. McDade,* 106 F.4th 1251, 1262 (11th Cir. 2024). Prison conditions rise to an Eighth Amendment violation "if they 'involve

the wanton and unnecessary infliction of pain.'"  *Id.* (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)).

The complaint does not allege any facts demonstrating that Plaintiff's prison conditions pose an unreasonable risk of serious damage to Plaintiff's health or safety. *See, e.g., Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003) (withdrawal of privileges for a limited period is not a dramatic departure from accepted standards and conditions of confinement); *Holt v. Givens*, 757 F. App'x 915, 922 (11th Cir. 2018) (affirming district court's dismissal of the prisoner's Eighth Amendment claim in § 1915 screening because "[b]eing placed in segregation for three weeks does not itself implicate the Eighth Amendment"); *Moulds v. Bullard*, 345 F. App'x 387, 395–96 (11th Cir. 2009) (Temporary withdrawal of visitation privileges for disciplinary purposes is "not a dramatic departure from accepted standards for conditions of confinement"); *Fulgham v. McLaughlin*, No. 5:14-CV-68 WLS, 2014 WL 1663661, at *3 (M.D. Ga. Apr. 25, 2014) (dismissing Eighth Amendment claim in screening for failure to state claim because "Defendants' removal of Plaintiff from protective custody to Tier II does not rise to the level of a constitutional violation.").  Therefore, the complaint fails to state a claim for violation of the Eighth Amendment claim.

Accordingly, the Brevard County Jail Complex is not a proper party, Plaintiff has not sufficiently identified any Doe Defendants, Plaintiff's claims are barred by *Heck*, and the complaint otherwise fails to state a claim upon which relief may be granted.  As a result, this case will be dismissed.  28 U.S.C. § 1915A(b)(1); *see also*

*Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (recognizing that leave to amend is not required where amendment would be futile).

## CONCLUSION

Accordingly:

1. Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is **DIRECTED** to terminate any pending motions, close this case, and enter judgment accordingly.

**ORDERED** in Orlando, Florida on March 28, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party